**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4844**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JESSIE SHORT,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:09-cr-00681-PMD-1)

_____

Submitted: February 15, 2011      Decided: March 17, 2011

_____

Before MOTZ, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Christopher L. Murphy, STUCKEY LAW OFFICES, LLC, Charleston, South Carolina, for Appellant. Dean Hodge Secor I, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessie Short appeals the 31-month sentence imposed following his guilty plea to one count of manufacturing counterfeit currency in violation of 18 U.S.C. § 471 (2006). Counsel for Short has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court imposed an unreasonable sentence. Short has filed a pro se supplemental brief, contending that police searched his residence without a search warrant, and that the district court should have granted him a more generous departure. We affirm.

Counsel challenges Short's sentence, but does not specify any deficiencies. We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the

Guidelines range." Gall, 552 U.S. at 51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (emphasis omitted). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "'state in open court'" the particular reasons that support its chosen sentence. Id. (quoting 18 U.S.C.A. § 3553(c) (West 2000 & Supp. 2010)). The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alterations omitted).

We conclude that the sentence imposed by the district court was both procedurally and substantively reasonable. The district court granted the Government's motion to depart based on Short's substantial assistance, and thus Short's sentence was

3

below the properly-calculated Guidelines range. Based on our review of the record, we find that the sentence was reasonable given the totality of the circumstances. Finally, we reject the claims raised in Short's pro se supplemental brief as meritless.

In accordance with <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Short, in writing, of the right to petition the Supreme Court of the United States for further review. If Short requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Short. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>